UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


| | | |
|---|---|---|
| CHARLES MURRAY, | : | |
| | : | HONORABLE JOSEPH E. IRENAS |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. 07-3360 (JEI) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Charles Murray
#40775-050
Fort Dix Federal Correctional Institution
East: P.O. Box 2000
Fort Dix, NJ 08640
        Petitioner Pro Se

Diana V. Carrig, Esq.
        and
Norman J. Gross, Esq.
Office of the U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
        Counsel for Respondent


**IRENAS**, Senior District Judge:

        Before the Court is Petitioner's Motion to Vacate, Set Aside

or Correct Sentence brought under 28 U.S.C. § 2255.  Petitioner

raises six claims: (1) he was denied effective assistance of

counsel at his *initial* hearing because counsel failed to raise a

Fourth Amendment objection; (2) he was denied effective

assistance of counsel at his *detention* hearing because counsel

failed to raise a Fourth Amendment objection; (3) he entered into

his plea agreement involuntarily because counsel made five

misstatements of law constituting ineffective assistance of counsel; (4) he was denied effective assistance of counsel at his sentencing hearing and on appeal because counsel did not oppose his criminal history calculation and the fine imposed; (5) his conviction was obtained by the use of evidence discovered during an illegal arrest; and (6) his sentence was imposed in violation of Due Process.  For the reasons set forth below, Petitioner's Motion will be denied without an evidentiary hearing.

## I.

Petitioner was arrested on July 25, 2003, as the result of an investigation that began when a minor reported to local law enforcement that he and the Petitioner had engaged in sexual acts.

On April 1, 2004, Petitioner pleaded guilty to two counts of traveling in interstate commerce to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b).  (*See* Gov't Ex. C at 1).  Under the terms of a plea agreement, Petitioner waived his right to file any appeal or collateral attack, including an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, that challenged the sentencing court's determination or imposition of the offense level if the total offense level determined by the court was equal to or less than 27.  (*Id.* at 6, Sched. A, ¶ 9).

2

The offense level was calculated based on stipulations made in the plea agreement.  These included, in part: (1) an increase of two levels, under U.S.S.G. § 2A3.2(b)(2)(B), because Petitioner unduly influenced his victim to engage in the sexual conduct; (2) an increase of two levels, under U.S.S.G. § 2A3.2(b)(3), because Petitioner used a computer to persuade, induce, entice, or coerce the victim; (3) a decrease of the offense level by 2 if Petitioner continued to show acceptance of responsibility through the date of sentencing; (4) a decrease of the offense level by 1 if Petitioner signed the plea agreement in a timely manner and continued to show acceptance of responsibility through the sentencing hearing.  *(Id.* at 5, Sched. A, ¶¶ 2, 3, 6, & 7).

This Court accepted Petitioner's guilty plea during a hearing held on April 1, 2004, pursuant to Federal Rule of Criminal Procedure 11, after concluding that Petitioner understood the significance of the plea agreement.  (*See* Gov't Ex. K).

On August 27, 2004, Petitioner was sentenced to a prison term of 83 months on each of Counts I and II, to be served concurrently and to be followed by a three-year term of supervised release.  In addition, Petitioner was to pay a special assessment of two-hundred dollars and a fine of five-thousand dollars.  (*See generally* Gov't Ex. E).

3

On appeal to the United States Court of Appeals for the Third Circuit, Petitioner's counsel filed an *Anders* brief.[1]  The Third Circuit found that counsel fulfilled his *Anders* obligations and granted counsel's request to withdraw and dismiss the appeal. *See United States v. Murray,* 176 F. App'x 336, 338 (3d Cir. 2006).  Petitioner filed a *pro se* brief in which he asserted that: (1) this Court erroneously applied the undue influence enhancement; (2) Petitioner's stipulation to the undue influence enhancement was invalid; (3) Petitioner's Criminal History Category was improperly calculated; (4) Congress exceeded its authority in passing 18 U.S.C. § 2423(b); and (5) 18 U.S.C. § 2423(b) is void for vagueness.  (*See* Gov't Ex. F at viii-ix). The Third Circuit dismissed all of Petitioner's claims on appeal. *Murray,* 176 F. App'x at 338*.*

In a related case in the Eastern District of Pennsylvania, Petitioner was charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and pleaded guilty on November 5, 2004.  (*See* Gov't. Ex. N).  Law enforcement officers discovered the pornography when they searched Petitioner's home as part of the same investigation that led to his guilty plea in this case.

Petitioner filed the present § 2255 Motion on July 19, 2007.

---

[1]   *See Anders v. California*, 386 U.S. 738 (1967).

4

## II.

Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  Therefore, Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.

A district court has discretion in determining whether to hold an evidentiary hearing on a motion made under § 2255.  *See Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  When exercising that discretion, the court must first determine whether Petitioner's claims, if proven, would entitle him to relief, and if so, if an evidentiary hearing is needed to determine the truth of the allegations.  *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 291 (3d Cir. 1991).  A district court may dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records 'show conclusively that the movant is not entitled to relief.'" *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992); *Forte*, 865 F.2d at 62).

5

**III.**

Petitioner's first four claims assert that he was denied his Sixth Amendment right to effective assistance of counsel. To prevail on an ineffective assistance of counsel claim, Petitioner must make two independent showings. First, he must "show that counsel's performance was deficient," and the "proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Second, Petitioner must show that the deficient performance was prejudicial to his case by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Under the first *Strickland* prong,

[j]udicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

6

*Id.* at 689 (citation and internal quotation marks omitted); *see also Flamer v. Delaware*, 68 F.3d 710, 727-28 (3d Cir. 1995) (quoting *Strickland*, 466 U.S. at 687-89).  Furthermore, the Supreme Court, in discussing practical considerations for the application of the two-prong standard, has stated that

> there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697.

Based on the foregoing standard, the Court will evaluate each of Petitioner's four arguments that he was denied his Sixth Amendment right to effective assistance of counsel.[2]

**A.**

Petitioner's first claim is that his counsel was ineffective for failing to make objections at his initial appearance

---

[2]  Petitioner's first three claims were raised and dismissed in a similar § 2255 motion filed in the related Eastern District of Pennsylvania case.  While the reassertion of these claims may be barred by issue preclusion, the Court cannot raise preclusion *sua sponte* because it is an affirmative defense that must be pleaded.  *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998); *see also* Fed. R. Civ. P. 8(c)(1).

regarding the authority of the Postal Service Inspector (the "Inspector") to investigate and arrest Petitioner and search his home.  Because none of the evidence collected through either the investigation or the search warrant pertained to laws related to postal offenses, Petitioner asserts that all evidence obtained would have been suppressed had counsel raised a Fourth Amendment objection.  Furthermore, when Petitioner questioned counsel about the Inspector's authority, he was allegedly told that the Inspector had authority because Petitioner crossed state lines.

The Postal Service has the authority "to investigate postal offenses and civil matters relating to the Postal Service."  39 U.S.C. § 404(a)(6).  Specifically, Postal Inspectors have the authority to serve warrants, make arrests, and seize property under 18 U.S.C. § 3061(a) "only in the enforcement of laws regarding property in the custody of the Postal Service, property of the Postal Service, the use of the mails, and other postal offenses."  18 U.S.C. § 3061(b)(1).

Even if this Court assumes that the Inspector's investigation and arrest of Petitioner exceeded his authority,[3]

---

[3]  In making this assumption for purposes of this Motion, the Court is not holding that such investigations are beyond the authority of Postal Inspectors.  Postal authority should not be limited by "arbitrary criteria," but rather courts should employ a "flexible approach," which considers the totality of the circumstances, when determining how far authority extends under §§ 3061 and 404(a).  *United States v. Jones*, 13 F.3d 100, 102-03 (4th Cir. 1993) ("Where . . . there exists a sufficient connection between the investigated conduct and postal operation

counsel's failure to raise a constitutional objection did not prejudice Petitioner's defense.  Petitioner does not challenge the occurrence of the sexual encounters with the minor, but only argues that he would not have pleaded guilty and would have been acquitted because the Inspector exceeded his statutory authority. The search of Petitioner's home is not relevant in this case,[4] and so Petitioner could have only opposed his arrest and sought suppression of evidence obtained in the investigation conducted prior to the search.

Suppression of evidence is only used as a last resort and only applied where its remedial objectives are most efficaciously

---

or postal property, the statutory authority has not been exceeded."); *see also United States v. Lustig*, 865 F.2d 41 (2d Cir. 1989).

Under a more flexible approach, a postal inspector's authority would extend to cases where there is a reasonable belief that a postal crime occurred.  Because pedophilia often correlates with the possession of child pornography, *see* Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-26, it is reasonable to believe that a person accused of illicit sexual conduct with a minor will have sent or received child pornography through the mail.  *See* Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 501, 120 Stat. 587, 623 ("The interstate market in child pornography is carried on to a substantial extent through the mails . . . .")  Therefore, the Inspector, who was aware of the relationship between child molestation cases and child pornography, (Gov't Ex. A at ¶ 2), did not exceed his authority when he investigated Petitioner.

[4]  The search of Petitioner's home did not uncover evidence about his sexual encounter with the victim, which was the basis for the case before this Court; rather, investigators found child pornography that supported the case for possession in the Eastern District of Pennsylvania.  Petitioner concedes this point. (Pet'r Reply at 32).

served.  *Hudson v. Michigan*, 547 U.S. 586, 591 (2006)(refusing to apply the exclusionary rule where officers violated the knock-and-announce requirement); *see also Sanchez-Llamas v. Oregon*, 126 S. Ct. 2669, 2680 (2006)("We have applied the exclusionary rule primarily to deter constitutional violations.")  Where there is a violation of agency regulations, but not of constitutional rights, the Supreme Court has held that the exclusionary rule does not apply.  *See United States v. Caceres*, 440 U.S. 741, 754-55 (1979).  Several circuits have interpreted this ruling to include violations of statutes among those exempt from the exclusionary rule.  *See Pa. Steel Foundry and Mach. Co. v. Sec'y of Labor,* 831 F.2d 1211, 1219 (3d Cir. 1987)(dictum)(*citing United States v. Hensel*, 699 F.2d 18, 29-30 (1st Cir. 1983); *United States v. Mangieri,* 694 F.2d 1270, 1284 n.15 (D.C. Cir. 1982)).  Recently, when immigration officials violated 8 U.S.C. § 1357 by failing to obtain an administrative warrant for arrest, the evidence uncovered was not suppressed because the statute offered no independent statutory remedy of suppression for a violation. *United States v. Abdi*, 463 F.3d 547, 556-57 (6th Cir. 2006).

Moreover, even though the fruits of an illegal arrest may be suppressed when there is a constitutional violation, an unlawful arrest is not sufficient cause to cease prosecution or overturn a valid conviction.  *United States v. Crews*, 445 U.S.

463, 474 (1980); *see also Frisbie v. Collins*, 342 U.S. 519, 522 (1952)("There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."); *United States ex rel. Kelly v. Maroney*, 414 F.2d 1228, 1230-31 (3d Cir. 1969)(refusing to grant a writ of habeas corpus to a petitioner who pleaded guilty to prison breach when officers did not have probable cause for arrest).  Furthermore, courts are free to reinitiate criminal proceedings as long as double jeopardy has not attached and there is no alleged pattern of prosecutorial harassment.  *Stewart v. Abraham*, 275 F.3d 220, 229 (3d Cir. 2001).

Here, Petitioner's defense was not prejudiced because the Court would not have suppressed the evidence obtained by the Inspector.  Because the Inspector's investigation did not violate Petitioner's constitutional rights,[5] and neither § 404 nor § 3061 suggest suppression as a remedy for statutory violations, this

---

[5]  The Fourth Amendment states, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."  U.S. CONST. amend. IV.  Petitioner was not subject to a search of his person or home that yielded evidence to support the case before this Court.  *See supra* n.4.  Instead, he was subject to a routine investigation in which the Inspector obtained evidence by talking to witnesses and Petitioner himself while the Inspector posed as a minor.  Though Petitioner alleges that the Inspector's investigation exceeded his *statutory* authority, nothing in the Fourth Amendment protects Petitioner from the investigative techniques utilized by the Inspector.

Court would not have excluded the evidence obtained during the investigation.

Counsel's failure to make a constitutional objection to Petitioner's arrest also did not prejudice his defense because courts are not required to cease a prosecution simply because of an unlawful arrest.  In addition, even if counsel had opposed the legality of Petitioner's arrest, a new arrest warrant could have been issued and executed by police based on evidence obtained directly from the victim before the Inspector began his investigation.

Thus, Petitioner's claim of ineffective assistance fails because he has failed to show that counsel's performance prejudiced his defense.

**B.**

Petitioner's second claim is that his counsel was ineffective for failing to make objections regarding the authority of the Inspector at his detention hearing.  For the same reasons stated previously, counsel's performance did not prejudice Petitioner's defense under *Strickland*.  *See supra* Part III(A).

**C.**

Petitioner next claims that counsel made five misstatements of law affecting his ability to voluntarily and knowingly enter into the plea agreement, constituting ineffective assistance of

counsel.

Petitioner's plea agreement included a waiver of his right to appeal his sentence, either through direct appeal or collateral attack.  Waivers of appeal entered into knowingly and voluntarily are valid unless they work a miscarriage of justice. *United States v. Khattak,* 273 F.3d 557, 563 (3d Cir. 2001). Enforcing a waiver when the defendant did not understand the plea agreement because of deficient counsel would work a miscarriage of justice.  *United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007).  However, a waiver becomes unenforceable "only 'if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious.'" *United States v. Akbar*, 181 F. App'x 283, 286-87 (3d Cir. 2006)(*quoting United States v. Monzon,* 359 F.3d 110, 118-19 (2d Cir. 2004)).

The five alleged misstatements of law will be addressed in turn.

1. COUNSEL WAS INEFFECTIVE FOR FAILING TO CORRECTLY APPRISE PETITIONER OF THE POSTAL SERVICE'S AUTHORITY.

Petitioner claims that he asked counsel about the scope of 39 U.S.C. § 404(a)(6) *after he was sentenced*.  Counsel stated that the Postal Service had the authority to conduct the investigation because Petitioner used e-mail.  However, because Petitioner questioned counsel after sentencing, counsel's alleged

misstatement could have had no bearing on Petitioner's decision to enter into the plea agreement.

But even if counsel's statement or failure to raise this issue could have affected Petitioner's decision to enter into the plea agreement, Petitioner's claim fails because counsel's performance did not prejudice the defense for the reasons stated above. *See supra* Part III(A).

2. COUNSEL'S INEFFECTIVE ASSISTANCE CAUSED PETITIONER TO PLEAD GUILTY WITHOUT A CONDITIONAL PLEA AGREEMENT.

Petitioner states that counsel informed him that the Government no longer offers conditional plea agreements. Petitioner asserts that, but for counsel's misstatement of the law, he would have reserved the right to directly appeal an adverse decision regarding the admissibility of evidence collected by the Postal Service or the degree of proof necessary to apply the undue influence enhancement.

Counsel's advice was not constitutionally deficient for the simple reason that it was not a statement of law, but rather a statement of fact.  The Government does not offer conditional plea agreements, and Petitioner's counsel was fulfilling his obligation to inform his client of this fact.  Thus, the claim will be denied.

3. COUNSEL INFORMED PETITIONER THAT HE COULD NOT REFUTE THE APPLICATION OF THE UNDUE INFLUENCE ENHANCEMENT.

Petitioner claims that counsel informed him that the application of the undue influence enhancement was irrefutable because of the age disparity between Petitioner and the victim, and that such a misstatement amounts to ineffective assistance. Because of this alleged misstatement, Petitioner states that he stipulated to the undue influence enhancement in his plea agreement. Petitioner further states that counsel was deficient for informing him that he could lose the decrease in his offense level for acceptance of responsibility if he questioned the enhancement.

U.S.S.G § 2A3.2 Application Note 3(B) provides that if there is a difference of 10 years between the minor and the defendant, a rebuttable presumption arises that undue influence was exerted. In addition, a court is not bound by stipulations in sentencing, U.S.S.G. § 6B1.4(d), and entry of a guilty plea, which serves as evidence of acceptance of responsibility, may be outweighed by defendant's conduct that is inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1 Appl. Note 3.

Counsel's performance was not constitutionally deficient. His recommendation that Petitioner should not try to rebut the undue influence enhancement because the court could ignore the offense level decrease for acceptance of responsibility was accurate as a matter of law. And despite counsel's recommendation, Petitioner did, in fact, implicitly raise his

15

concerns at the sentencing hearing when he said: "The two point enhancement for undue influence, where there is no factual finding, surely to offer any rebuttal would diminish [the Court's] perceived degree of my acceptance of responsibility." (Gov't Ex. D at 53:9-12).  If the Court found merit in Petitioner's statement, it would have conducted further questioning and addressed the issue at that time.  Furthermore, the Third Circuit, on appeal, dismissed Petitioner's claim that the undue influence enhancement should not have been applied. *Murray,* 176 F. App'x at 338.

4. COUNSEL STATED THAT PETITIONER COULD NOT REFUTE THE CALCULATION OF HIS CRIMINAL HISTORY CATEGORY

Petitioner claims ineffective assistance of counsel due to a misstatement of law because counsel told Petitioner that he could not refute his Criminal History Category (CHC).  Petitioner argues that, under *United States v. Tabaka*,[6] his probation time should not be included in his sentence time for purposes of determining time served.

Counsel's performance was not constitutionally deficient. Counsel did in fact ask the Court for leniency in calculating the CHC because Petitioner was *arrested* for his prior crime more than 15 years before his arrest in this case, though the *sentencing* for the prior crime occurred within the 15 years required under

---

[6]  982 F.2d 100 (3d Cir. 1992).

the Sentencing Guidelines.[7]  (Gov't Ex. D at 8:14-22).  While it is true that counsel did not raise the issue presented by *Tabaka*, in that case, a state court order stated that the sentence had been "suspended," 982 F.2d at 103, whereas in this case, neither a court order nor Petitioner's release says anything about a suspended sentence.  (*See* Pet'r Ex. V2).  Thus, his counsel could not be deficient for failing to raise an unmeritorious argument.  Furthermore, the Third Circuit dismissed Petitioner's argument on appeal that his CHC was incorrectly calculated.  *Murray,* 176 F. App'x at 338.

5. COUNSEL FAILED TO APPRISE PETITIONER OF THE LEVEL OF INTENT NECESSARY FOR A CONVICTION ON COUNT I.

Petitioner claims that counsel's failure to correctly apprise him of the intent necessary for a conviction on Count I led him to sign the plea agreement without understanding his plea.

Title 18, United States Code § 2423(b) provides that a person shall be punished for traveling "in interstate commerce . . . for the purpose of engaging in any illicit sexual conduct with another person."  The Third Circuit affirmed a jury instruction which stated that, to be guilty of violating 18

---

[7]  U.S.S.G. § 4A1.2(e)(1) requires points be added for any prior sentence of more than one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense.

U.S.C. § 2423, the sexual encounter must be a "significant or motivating purpose" of interstate travel. *United States v. Hayward*, 359 F.3d 631, 638 (3d Cir. 2004).

Petitioner alleges that he would have crossed state lines regardless of the prospect of a sexual encounter with the victim. However, at his plea hearing, defendant testified that, as to the charge in Count I of crossing state lines to engage in sexual acts with a minor on or about May 26, 2003, he traveled from Pennsylvania to New Jersey *for the purpose* of engaging in sexual acts with a minor.[8]  Though Petitioner presents e-mail evidence in an attempt to establish that he would have traveled across state lines regardless of whether he had absolute knowledge that a sexual encounter would occur,[9] these e-mails indicate that he had significantly considered the possibility of the sexual encounter before he left for New Jersey.  (Pet'r Ex. S).

Counsel's performance was not constitutionally deficient. He was correct when he informed Petitioner that the sexual encounter did not have to be the dominant motivation for crossing state lines -- it needed to be a "significant or motivating" factor.  Petitioner has provided no evidence to indicate that the sexual encounter was not a "significant or motivating" factor in

---

[8]  *See* Gov't Ex. K at 4:23-5:4.

[9]  Petitioner uses an e-mail he sent to the victim on May 25, 2003, as evidence that he traveled to New Jersey on May 25, and asserts that this is when the first encounter took place.

his choice to cross state lines.

### D.

Petitioner claims that he was denied effective assistance of counsel at sentencing and on appeal.  Petitioner claims that: (1) counsel was ineffective for failing to oppose his CHC on appeal; and (2) because of counsel's ineffective assistance, Petitioner was improperly fined because he failed to provide factual testimony as to his future financial prospects at sentencing.

Counsel's performance was not constitutionally deficient for failing to oppose Petitioner's CHC on appeal.  The Third Circuit specifically stated that counsel had fulfilled both his *Anders* obligations and the Third Circuit Appellate Local Rule 109.2(a), and therefore granted counsel's request to withdraw and dismiss the appeal.  *Murray,* 176 F. App'x at 338.  Petitioner filed a *pro se* brief, which raised the issue of the CHC, and the Third Circuit dismissed, stating that all of the issues he presented "lack[ed] legal merit."[10]   *Id.*

---

[10]   The Third Circuit noted that Petitioner's appeal lacked legal merit while recognizing that he could not present these issues because he waived his appellate rights to challenge sentencing. *Murray,* 176 F. App'x at 338.  Petitioner contends that the Third Circuit did not dismiss his claims based on their merits, and therefore the determination does not apply to whether his counsel was ineffective in failing to raise those claims on appeal.  Even if the Third Circuit had not determined that Petitioner's claims lacked legal merit, Petitioner's claim that the CHC was improperly calculated based on *Tabaka* lacks legal merit, as discussed previously.  *See supra* Part III(C)(4).

As to Petitioner's second claim that ineffective assistance of counsel resulted in an improper fine that should be remitted, Petitioner has already moved to have his fine suspended or reduced.  This Court determined that it could not hear the motion because it was under appellate review, but noted that Petitioner "ha[d] not identified any legally recognized principle that would justify granting the relief which [was] sought." (Gov't Ex. J at 2).  Even had this Court not made that determination previously, a § 2255 motion is not the proper forum for addressing remittance of a fine. *See, e.g., United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994); *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002).  Therefore, this claim will be denied.

## IV.

Petitioner's fifth and sixth claims rest on assertions that the Government's investigation and elements of his sentencing enhancements are unconstitutional.

When a defendant pleads guilty to a crime, he may "not . . . raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). He may only therefore "attack the voluntary and intelligent character of the guilty plea" by showing that counsel's advice was deficient.  *Id.*

**A.**

Petitioner's fifth claim questions the constitutionality of the Inspector's authority to investigate and execute warrants related to Petitioner's case.  Petitioner pleaded guilty to both counts of § 2423(b) and therefore may not now independently question the constitutionality of the investigation, search of his home, and arrest.

Petitioner now only has the option of questioning the voluntary and intelligent nature of his guilty plea.  Petitioner does not claim here that his guilty plea was involuntary and unknowing,[11] but simply questions the constitutionality of the Inspector's involvement in his arrest and investigation. Therefore, his claim must be denied.

**B.**

Petitioner's sixth and final claim is that the undue influence enhancement, which he stipulated to in his plea agreement, violates his Fifth Amendment right to due process. Petitioner first contends that, because the age disparity between participant and victim triggers a mandatory rebuttable presumption of undue influence under U.S.S.G. § 2A3.2 Application Note 3(B), the enhancement is unconstitutional.  Petitioner also contends that the sentencing enhancements he received for undue

---

[11]  Petitioner did question the voluntariness of his plea in his third claim, and it was addressed in Part III of this Opinion.

influence and use of a computer duplicate language in 18 U.S.C. §
2422(b) and are therefore unconstitutional.

When a defendant who pleads guilty knowingly and voluntarily
waives his right to an appeal, the waiver is valid unless it
works a miscarriage of justice.  *Khattak,* 273 F.3d at 563.  In
this case, the plea agreement between Petitioner and the
Government stated:

> Charles Murray knows that he has, and voluntarily
> waives, the right to file any appeal, any collateral
> attack, or any other writ or motion after sentencing,
> including but not limited to . . . a motion under 28
> U.S.C. § 2255, which challenges the sentencing court's
> determination or imposition of the offense level, if
> the total offense level determined by the court is
> equal to or less than 27.

(Gov't Ex. C, Sched. A, ¶ 9).  In accordance with the plea
agreement, this Court sentenced Petitioner to a term of
imprisonment for a Total Offense Level of 27.  Therefore,
Petitioner can only attack the voluntary and intelligent nature
of his guilty plea, particularly as it relates to his sentencing.

With regard to this claim, Petitioner does not argue that
his plea was entered unknowingly or involuntarily.  He simply
attacks the constitutionality of his sentencing enhancement,
which he stipulated to in the agreement.  Because he waived his
rights to appeal his sentence, Petitioner cannot now raise the
independent claim that his sentencing enhancement was
unconstitutional.  In addition, it would not work a miscarriage
of justice for Petitioner to receive the sentencing enhancement

22

for undue influence and use of a computer if those guidelines duplicate language in § 2422(b) because Petitioner was not sentenced under § 2422(b).  Therefore, Petitioner's claim must be denied.


**V.**

For the reasons set forth above, the Court will deny Petitioner's Motion to Vacate, Set Aside or Correct Sentence brought under 28 U.S.C. § 2255 without an evidentiary hearing. The Court will issue an appropriate Order.


Date: June 30, 2008


                          s/ Joseph E. Irenas
                          **JOSEPH E. IRENAS, S.U.S.D.J.**